# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES HOLMAN BROWNING, JR., ) | |
| ) | **MEMORANDUM OPINION** |
| Petitioner, pro se, ) | **AND RECOMMENDATION** |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:06CV24 |
| ) | 1:03CR36-2 |
| Respondent. ) | |

The following five motions by pro se Petitioner, a federal prisoner, have been referred to the undersigned for recommended disposition: (1) a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) and request for an evidentiary hearing (docket no. 93); (2) an "amended motion" for reconsideration pursuant to Fed. R. Civ. P. 60(b) and request for an evidentiary hearing (docket no. 92); (3) a "motion for judgment by default order to show cause for a preliminary injunction, motion for summary judgment" (docket no. 95); (4) a "motion for an order compelling response" (docket no. 104); and (5) a "motion to resubmit objection to magistrate judge report" (docket no. 115).[1]

**BACKGROUND**

Petitioner is serving a life sentence on a conviction for conspiring to distribute crack cocaine and two counts of distribution of crack cocaine. On January 9, 2006,

---

[1] Except where indicated, docket entry numbers in this Recommendation refer to entries on the docket in Petitioner's criminal case, 1:03CR36-2.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 81), which this court dismissed in an Order and Judgment entered on November 3, 2006, (docket nos. 82 & 83). On July 10, 2007, the Fourth Circuit dismissed Petitioner's appeal (*see* Civil Case 1:06CV24, docket no. 27).[2] Petitioner's pending motions have now been referred to the undersigned for recommended disposition.[3]

**DISCUSSION**

<u>Petitioner's Initial Motion and "Amended" Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60(b) and Request for an Evidentiary Hearing (docket no. 92, 93)</u>

As noted, Petitioner has filed both an initial motion and an "amended" motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Both motions should be denied. Nothing presented by Petitioner justifies a change

---

[2] On July 9, 2009, the Fourth Circuit denied a motion by Petitioner under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief (docket no. 90).

[3] The undersigned previously issued a text order, dated July 15, 2010, denying the first four motions by Petitioner (docket nos. 92, 93, 94, 104), and Petitioner appealed the order. On October 22, 2010, the Fourth Circuit dismissed the appeal and remanded to this court for corrective action on the grounds that the undersigned did not have the authority to enter an order on any of the dispositive motions filed by Petitioner (docket no. 110). On December 14, 2010, Chief Judge James A. Beaty, Jr. referred the four motions to the undersigned for a Recommended Decision (docket no. 113). On February 22, 2011, Petitioner filed the "motion to resubmit objection to magistrate judge report" (docket no. 115), which has now been referred to the undersigned.

in the prior decision dismissing his Section 2255 motion.[4] In sum, it is recommended that the court deny Petitioner's motion and his "amended" motion for reconsideration pursuant to Rule 60(b). Furthermore, as for Petitioner's request for an evidentiary hearing, Petitioner has not offered sufficient grounds for an evidentiary hearing; and his request should therefore be denied.

Petitioner's "Motion for Judgment by Default Order to Show Cause for a Preliminary Injunction Motion for Summary Judgment" (docket no. 95)

Next, Petitioner's "motion for judgment by default order to show cause for a preliminary injunction motion for summary judgment" (docket no. 95) should be denied. Petitioner incorrectly alleges in the motion that he filed his "complaint" on September 22, 2009, and that Respondent failed to respond to the complaint. He complains that default judgment is therefore appropriate. In fact, Petitioner filed his

---

[4] Furthermore, before a second or successive Section 2255 application is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims. *United States v. Winestock*, 340 F.3d 200, 204-05 (4th Cir. 2003). Petitioner has already filed one Section 2255 petition in this court challenging his underlying conviction. This court denied that petition on its merits, and the Fourth Circuit denied a certificate of appealability from that ruling and dismissed the appeal. Although styled as a Rule 60(b) motion, the motion now pending before the court is in reality a successive motion pursuant to Section 2255 because Petitioner clearly attacks this court's previous resolution of his habeas claims on the merits. The district court, therefore, has no jurisdiction to entertain the motion unless and until the motion has first been certified by a panel of this circuit's court of appeals. *Accord Winestock*, 340 F.3d at 205 ("As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.").

pro se Rule 60(b) motion and request for an evidentiary hearing on September 22, 2009. Thus, the rules regarding entry of default and default judgment under Rule 54 simply do not apply. Finally, to the extent that Petitioner's motion also seeks a "summary judgment" from the court, again, the Section 2255 petition has already been dismissed and has been affirmed on appeal; thus, the time for entry of summary judgment has long expired. For all these reasons, it is recommended that the court deny Petitioner's "motion for judgment by default order to show cause for a preliminary injunction motion for summary judgment," docket no. 95.

Petitioner's "Motion for an Order Compelling Response" (docket no. 104)

Petitioner's "motion for an order compelling response" should also be denied. Petitioner seeks an order from the court requiring Respondent to file a responsive pleading to Petitioner's Rule 60(b) motions. The motion should be denied, as Respondent was not required to file a responsive pleading to the Rule 60(b) motion.

Petitioner's "Motion to Resubmit Objection to Magistrate Judge Report" (docket no. 115)

Finally, to the extent that Petitioner has recently filed a "motion to resubmit objection to magistrate judge report" (docket no. 115), this document should also be denied as mooted by the Fourth Circuit's dismissal of Petitioner's appeal and remand to this court for correction. Furthermore, this most recent motion is nothing more than a rambling and somewhat incoherent reassertion of the arguments

Petitioner has already made in his Rule 60(b) motions and in his original Section 2255 petition.

**CONCLUSION**

For the reasons stated herein, it is **RECOMMENDED** that the court deny the following motions by Petitioner: (1) motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) and request for an evidentiary hearing (docket no. 93); (2) "amended motion" pursuant to Fed. R. Civ. P. 60(b) for consideration and request for an evidentiary hearing (docket no. 92); (3) "motion for judgment by default order to show cause for a preliminary injunction, motion for summary judgment" (docket no. 95); (4) a "motion for an order compelling response" (docket no. 104); and (5) a "motion to resubmit objection to magistrate judge report" (docket no. 115).

_____
WALLACE W. DIXON
United States Magistrate Judge

March 7, 2011